United States District Court
Southern District of Texas
**ENTERED**
February 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNELL WATSON, (TDCJ # 01766415) § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. H-24-3878 |
| § | |
| PHILLIP D. LANDON, *et al.*, § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donnell Watson, (TDCJ # 01766415), is an inmate at the Estelle Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. In October 2024, he filed a civil-rights complaint under 42 U.S.C. § 1983 against TDCJ officials Captain Phillip D. Landon, Correctional Officer Emmanuel D. Ndibnu, and Major Roland C. Weaver. (Docket Entry No. 1). Watson also filed a motion for leave to proceed without prepaying the filing fee, but he did not include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (Docket Entry No. 2). The court denied the motion for failing to include the trust fund account statement, but gave Watson leave to file an amended motion that included the required statement. (Docket Entry No. 5).

On November 18, 2024, Watson filed a second motion to proceed without prepaying the filing fee. (Docket Entry No. 6). As with his first motion, Watson's second motion did not include a certified copy of his inmate trust fund account statement. (*Id.*). On December 31, 2024, the court dismissed Watson's action without prejudice based on his failure to comply with the court's order to either pay the applicable filing fee or file a properly supported motion to proceed without prepaying the filing fee. (Docket Entry Nos. 7, 8).

Watson has now filed an amended complaint, an amended motion to proceed without prepaying the filing fee, and a certified copy of his inmate trust fund account statement. (Docket Entry Nos. 9, 10, 11). After review of these amended pleadings, the court grants Watson's motion to proceed without prepaying the filing fee and dismisses his action without prejudice. The reasons for these rulings are explained below.

**I.      Background**

In his amended complaint, Watson alleges that on April 26, 2024, Officer Ndibnu filed a disciplinary case against him, alleging that Watson assaulted Ndibnu by pushing a door into him and hitting him in the face. (Docket Entry No. 9, p. 4). At the hearing on the disciplinary charge, Ndibnu stated that Watson tried to "slide through" the door to the H1 unit as Ndibnu was closing the door. (*Id.*). Watson's actions resulted in the door hitting Ndibnu in the face. (*Id.*).

Captain Landon conducted a disciplinary hearing on May 28, 2024. (*Id.* at 4-5). After hearing the evidence, Landon reduced the charge against Watson from the level-one offense of "staff assault" to the level-three offense of "incidental contact." (*Id.* at 4). Landon specifically found on the record that the lesser offense was "the more appropriate charge," and he provided Watson with a written record of the disciplinary hearing that showed the reduction in the offense. (*Id.* at 5). But despite this oral finding, the formal disciplinary hearing report that Landon filed in Watson's official records states that Watson was found guilty of the level-one offense of "staff assault." (*Id.*).

On May 29, 2024, Major Weaver reviewed Watson's classification status and reduced his line-class to G5 based on the disciplinary conviction for a staff assault. (*Id.*). Watson showed Weaver his copy of the disciplinary hearing report that allegedly showed that Landon had dismissed the level-one offense and instead found him guilty of a level-three offense. (*Id.*).

2

Weaver responded that he "didn't care," and he refused to correct the reduction in Watson's line-class. (*Id.*).

Watson alleges that the disciplinary sanctions against him were imposed based on an allegedly false disciplinary charge and the filing of a false disciplinary report. (*Id.* at 4). He seeks an award of money damages to compensate him for these violations of his rights. (*Id.*).

## II. The Legal Standards

### A. Review Under 28 U.S.C. § 1915A

Because Watson is a prisoner seeking relief against the government, the court must examine the legal and factual basis of his complaint and dismiss the action if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).

Whether a complaint fails to state a claim for the purpose of § 1915A(b) is determined by the same standard that applies under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* Under that standard, the court considers whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009)). In making this analysis, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). Because the determination of whether a claim is frivolous or fails to state a claim may be made before docketing, the court may dismiss a complaint under § 1915A even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B.   Pleadings from Self-Represented Litigants

Watson is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

4

### III. Discussion

Watson seeks money damages to compensate him for the filing of an allegedly false disciplinary charge and for the filing of an allegedly false disciplinary report that resulted in the imposition of sanctions. But a prisoner may not bring an action for damages under § 1983 based on a conviction until that conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or the length of his confinement. *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). A "conviction," for purposes of *Heck,* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits or the ability to earn good-time credits. *See Edwards v. Balisok,* 520 U.S. 641, 645-46 (1997); *Aucoin v. Cupil,* 958 F.3d 379, 382 (5th Cir. 2020) (*Heck* applies to "not just criminal convictions but also disciplinary proceedings like the one at issue here." (citing *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998))). Further, *Heck* will bar the action even if the prisoner is not challenging the conviction itself. *See Aucoin,* 958 F.3d at 383. So long as the prisoner makes allegations that are inconsistent with the disciplinary conviction being valid, *Heck* will bar the civil action. *Id.*

Watson's disciplinary conviction resulted in a reduction in his line-class, which in turn reduced his ability to earn good-time credits. *See Malchi v. Thaler,* 211 F.3d 953, 955 (5th Cir. 2000); *Salinas v. Davis,* Civil No. 2:18-cv-00294, 2019 WL 2569942, at *3 (S.D. Tex. Jan. 11, 2019) (recognizing that a reduction in line-class reduces an inmate's ability to earn good-time credits), *report and recommendations adopted,* 2019 WL 2568603 (S.D. Tex. June 21, 2019). Watson's complaint alleges that the disciplinary conviction recorded in his official records is incorrect and invalid, and he seeks damages as a result of this allegedly wrongful disciplinary

5

conviction. But he does not allege that the disciplinary conviction has been reversed, expunged, or otherwise declared invalid. Indeed, he seeks damages specifically because the allegedly wrongful conviction remains in place. Because Watson's allegations are inconsistent with the disciplinary conviction being valid, *Heck* bars his action until such time as this disciplinary conviction is set aside, expunged, or otherwise declared invalid. Until this occurs, Watson's action does not state a claim on which relief can be granted. His action must be dismissed for failing to state a claim because it is premature under *Heck*.

## IV. Conclusion

Based on the above, the court orders as follows:

1. Watson's amended complaint, (Docket Entry No. 9), is dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. To proceed with this action, Watson must file a motion to reinstate within 30 days after this disciplinary conviction is set aside, expunged, or declared invalid by either a state postconviction court or by issuance of a federal writ of habeas corpus.

3. Watson's amended motion for leave to proceed without prepaying the filing fee, (Docket Entry No. 10), is granted.

4. Watson is not assessed an initial partial filing fee because the documentation shows that he lacks sufficient funds.

5. Watson must pay the full amount of the $350.00 filing fee for indigent litigants in periodic installments as required by 28 U.S.C. § 1915(b). The agency having custody of Watson must collect this amount from his inmate trust fund account, when funds are available, and forward it to the Clerk.

6. Watson's release from custody will not excuse his compliance with this fee order. *See Gay v. Texas Dep't of Corr., State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997).

7. Any other pending motions are denied as moot.

8. An order of dismissal is separately entered.

9. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (actions barred by *Heck* are legally frivolous and so are subject to the strike provisions of § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

**The Clerk will send a copy of this order to Watson and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711; and (2) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, or by e-mail to: ctfcourt.collections@tdcj.texas.gov.**

SIGNED on February 20, 2025, at Houston, Texas.

*[signature]*

Lee H. Rosenthal
Senior United States District Judge